## THE DERBY BANK *against* LANDON.

*Hartford,*
June, 1818.

THIS was an action against the defendant, as sheriff of the county of *Litchfield*, for the default of *David Bird*, one of his deputies, in relation to the collection and return of an execution in favour of the plaintiffs, against *William Lewis*. The date of the execution, as alleged in the declaration, was the 5th of *December*, 1814, and the delivery to *Bird*, the 31st of that month.

On the trial in the county court, on the general issue, the plaintiffs proved their declaration. The defendant, in his defence, claimed, that on the 23d of *December*, 1814, the plaintiffs, by their attorney, *S. E. Dwight*, Esq. agreed with *Lewis*, the debtor in the execution, that if he would secure to the plaintiffs, by a mortgage of certain lands, the judgment on which the execution issued, together with certain promissory notes due from him to them, they would suspend the collection of the money due on such judgment, for the term of nine months ; and that *Lewis* acceded to this proposition, and complied with the terms on his part. In proof of this agreement, and of performance on the part of *Lewis*, the defendant offered in evidence a certain mortgage deed, executed by *Lewis* to the plaintiffs ; to the admission of which the plaintiffs objected, on the ground of irrelevancy. But the court overruled the objection, and admitted the evidence. In committing the cause to the jury, the court instructed them, that if they found such agreement was made, and security given in pursuance thereof, *Bird*, the officer, was justified in forbearing to levy and collect the execution ; and that the defendant had made out a good defence to the action. The jury found a verdict for the defendant accordingly. The plaintiffs, having filed a bill of exceptions to the decision of the court admitting the evidence, and to their charge to the jury, brought a writ of error in the superior court, assigning, with these, several other grounds of error. The questions of law arising on the record, were reserved for the advice of the nine Judges.

*Staples* and *Twining*, for the plaintiffs.

*N. Smith*, for the defendant.

Where the creditor in an execution agreed with the debtor to suspend the collection of the money, for a time specified, and afterwards put the execution into the hands of an officer to be executed ; It was held, in an action against the officer for neglecting to levy the execution during the stipulated term of suspension, that such agreement was no defence.

SWIFT, Ch. J.  It appears from the facts conceded in this case, that after the plaintiffs, by an agreement with *Lewis,* the debtor in the execution, had taken a mortgage to secure the same, and had also agreed to suspend the levy of it, for nine months, they put the same, it being in full life, into the hands of *David Bird,* a deputy of the defendant, to serve according to law ; that *Bird* failed to levy and collect the execution ; and he now relies on this agreement between the plaintiffs and the debtor, for his justification.  I am of opinion, that this constitutes no defence.  As between the plaintiffs and the debtor it was no bar to collect the execution, any more than an agreement to suspend the collection of a note, could be a bar to a suit on the note.  It was no payment, satisfaction or discharge of the execution ; and the debtor could have had no relief by *audita querela.*  The execution was permitted, by the parties, to remain in force, and the debtor could never have had any remedy, but by an action for a violation of the agreement to suspend the collection of it.  The charge of the court, then, that if the jury found the agreement, they must find for the defendant, was incorrect.  As the judgment must be reversed on this ground, it is unnecessary to consider the other questions arising on the record.

GOULD, J.  There is one point in the case, so clear, as to dispense with the consideration of any of the others.  The agreement claimed to have been made between the attorney to the bank, and *Lewis,* the defendant in the execution, could, upon no principle, constitute a defence to the action.  And if so, both the admission of the evidence to this point, and the direction of the court below, upon it, were erroneous.  If such an agreement had been made, (as this, it is said, may have been,) even *after* the delivery of the execution to the sheriff's deputy ; yet he being a stranger to the arrangement, and having no direction from the bank, to conform to it—I should be at a loss to discover how he could avail himself of it.  But it appears, from dates, that the delivery of the execution to the officer, was *subsequent* to the alleged agreement.  And at all events, if the fact was otherwise, it was incumbent upon the defendant to show it : otherwise, his defence cannot be complete, upon his own principles.  Taking the supposed agreement, then, as we

must, to have been prior to the delivery of the execution to the officer—the latter act, implying, as it did, a direction to the officer, to proceed, according to the exigency of the writ, was, *ipso facto*, a revocation of the agreement, or at least, a tacit refusal, on the part of the bank, to abide by it. And if any honourary, or legal compact with the execution-debtor has thus been violated; it is an affair between himself and the bank. The officer has no concern with it. If there was an agreement made, binding in honour only; a court of law cannot take cognizance of it. And if it was obligatory in law, the debtor might sue for any violation of it: but the question cannot be tried between these parties. Without occupying time, therefore, upon the other points in the case, I am clearly of opinion, upon this single, detached ground, that the judgment is erroneous.

The other Judges were of the same opinion, except CHAPMAN, J. who gave no opinion, not having heard the arguments of counsel.

Judgment to be reversed.