### STEVENS and Others *v.* BECKES.

Neither the insolvency of the execution-defendant, nor the statute of limitations, can be pleaded in bar to an action against a sheriff for a false return of a *fieri facias.*

In such an action, in the Court that rendered the judgment, the minutes kept in a book by the clerk during the progress of the cause, and signed by the presiding judge conformably to the statute, is admissible evidence for the plaintiff on the issue of *nul tiel record.*

*Tuesday,
November 27.*

ERROR to the *Knox* Circuit Court.

STEVENS, J.——This is an action on the case against the defendant in error, for making a false return to an execution of *fi. fa.*, as sheriff of the county of *Knox.* The declaration avers that at the *February* term, 1820, of the *Knox* Circuit Court, the plaintiffs in error, who were plaintiffs below, recovered a judgment before the said Court, against one *Willis Fellows,* for 2,500 dollars with interest thereon from the 16th day of *February,* 1819, together with costs, &c.; that on the 5th day of *April,* 1820, while the said judgment remained unpaid and in full force, an execution of *fi. fa.* issued thereon in favour of the plaintiffs against the goods and chattels, lands and tenements, of the defendant *Fellows,* which was delivered to *Beckes,* the defendant, who was then and there the sheriff of said county; that the said defendant being such sheriff, contriving unjustly, wrongfully, and deceitfully to injure the plaintiffs, neglected and failed to execute the writ, and on the return day thereof, " falsely, fraudulently, and deceitfully, returned that the debt, interest, and damages, had been duly replevied," &c.; which return is a matter of record, &c.; and that in truth

and in fact, the said debt, interest, and damages, had not been so replevied.

The defendant pleaded in bar four several pleas:—1st, not guilty; 2dly, that *Fellows*, the execution-defendant, was and is totally insolvent, &c.; 3dly, the statute of limitations; and 4thly, *nul tiel record.* To the 1st plea an issue to the country is joined; to the 2d plea a replication of estoppel is filed, which is demurred to, and the demurrer is overruled by the Court; to the 3d plea a demurrer is filed and sustained; and to the 4th plea, issue is joined, with an agreement of record, that the issue of *nul tiel record,* so joined on the 4th plea, should be submitted to and tried by the same jury that should try the other issues; and that all error was waived, as to trying that issue by the jury; and that at the trial thereof, the defendant should not object to any variation in date, words, figures, or letters, between the judgment, execution and return thereto, set out, and those which might be produced in evidence.

A trial was then had, and a verdict and final judgment rendered for the defendant.

It also appears of record that, on the trial before the jury, the plaintiffs offered in evidence to the jury the following entry of judgment, upon the minute book of the Court, it being a judgment rendered at the *February* term, 1820, of said Court, duly signed by the presiding judge of said Court, and the same judgment upon which the execution in question issued,—which entry of judgment is in these words and figures:—"*February* term, 1820. *Luther Stevens, George Evans, Mark Stackhouse,* and *Mahlon Rogers,* assignees of *Arthur Patterson* and *Samuel Chambers,* v. *Willis Fellows.* Debt 2,500 dollars; damages 3,000 dollars. Parties appeared by their counsel, and the plaintiffs filed their demurrer to the plea of the defendant, and after argument had, the Court sustain the demurrer; to which opinion of the Court, the defendant by his counsel excepts and files his bill, &c.; therefore, on motion, it is considered that the plaintiffs do recover of the defendant the sum of 2,500 dollars, with interest thereon from the 16th day of *February,* 1819, being the debt in the declaration mentioned, together with their costs and charges by them about their suit in this behalf expended, and the defendant in mercy," &c. To the introduction of which entry the defendant objected, and the Court sustained

12

Nov. Term,
1832.

STEVENS
v.
BECKES.

the objection, and refused to let the entry go to the jury as evidence.

The first point is, did the Court err in overruling the demurrer to the plaintiffs' replication to the defendant's second plea?

It is not necessary to examine the position, taken by the plaintiffs, respecting their replication of estoppel to the defendant's second plea, for, admitting the replication not to be well pleaded, still the demurrer was correctly overruled; the plea to which the estoppel was replied being bad. The insolvency of the execution-defendant cannot, in any case, justify a false return; nor can such plea be a bar to an action for a false return.

The second point is, did the Court err in sustaining the demurrer to the third plea?

The only question is, whether our statute of limitations can be pleaded to an action against a sheriff for a false return to a writ of execution? The statute enacts, that "all actions of debt on simple contract, and for rent arrear, actions on the case other than slander," &c. "shall be commenced within five years after the cause of action accrued, and not after." It then provides in the same section, that "no statute of limitations shall ever be pleaded as a bar, or operate as such, to any action founded on an instrument or contract in writing, whether the same be sealed or unsealed." The words of the statute of limitations, 21 *Jac.* 1, c. 16, are, "that all actions upon the case shall be brought within six years ensuing the cause of action, *and not after;*" and *Ballantine,* in his commentaries upon that statute, states it as a settled point, that an action against a sheriff for a malfeasance in the execution or return of a writ of execution, is not within the statute, it being founded on matters of record. Bal. on Lim. 92, 96. The words of the statute of the state of *Maryland,* as it stood in the year 1790, are the same as the statute of *James,* and it was settled in both the General Court and Court of Appeals, after the most solemn arguments, that an action on the case, against the sheriff for an escape upon a *capias ad respondendum,* was not within the statute. 2 Harr. & M'Henry, 401, 408. In the statute of the state of *New-York* of 1817, the words are, "that all actions upon the case, founded upon any contract without specialty, shall be commenced and sued within six years," &c. Under that statute, it was settled that an action

of assumpsit on a judgment of a justice of the peace was not within the statute: the Court says, whether a justice's Court is strictly a Court of record or not, is not material; for if it be not, it is still conclusive evidence of a debt, and its truth cannot be questioned while it remains in force, and therefore stands on the foot of specialties. *Pease* v. *Howard*, 14 Johns. Rep. 479.

Our statutes of 1818, 1824, and 1831, each require that the clerks of the Circuit Courts shall enter on their execution books " every execution at the time it issues, noting in separate columns the names of the parties, the day it issues, the endorsement containing a statement of the debt, damages, interest, and costs, and whether replevied or not, the return day, to whom directed, to whom delivered, the officer's return, and the day it is made, at full length, and shall make the like entries on issuing an *alias* or *pluries* execution, which book and the entries therein, made as aforesaid, shall be taken as matters of record."

The suit now before us is founded on a judgment, a writ of *fi. fa.* thereon, and the sheriff's return to that writ, all in writing, and, by virtue of the above recited statute, are matters of judicial record, which brings the case clearly within the above noticed proviso of the statute, that takes out of the statute all actions founded on an instrument in writing, whether sealed or unsealed. It would appear absurd, indeed, to contend that in an action on the case founded on an unsealed instrument in writing, the statute of limitations cannot be pleaded, because the foundation is in writing, but that in a like case, founded on writings which are matters of judicial record, the statute can be pleaded. The demurrer was correctly sustained.

The third and last point is, did the Court err in rejecting the original entry of the judgment declared on and set out in the declaration, as evidence?

On this point the Court has no doubt. These minutes can be correctly used in the same Court in which they are made. The statute requires each day's proceedings to be drawn out at full length, and read over and signed by the Court; and they are, when so drawn up, read, and signed, the solemn judgment of the Court. No other or further judgment is ever signed. The complete record is the act of the clerk in vacation, and it must strictly agree with the minutes, and if it does not, it can always be amended by the minutes. In *England*, in the case of *Jones* v. *Randall*, Cowp. 17, it was decided that the minutes of

the judgments of the House of Lords, when sitting as a judicial Court, were their solemn judgments, and might be used as such, by transcript or otherwise, in any Court in the kingdom. The Court erred in refusing the minute in question, as evidence of the judgment set out in the declaration. Whether that judgment was reversed or not is another question entirely, and not now before us.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*E. Huntington* and *C. Dewey*, for the plaintiffs.
*S. Judah*, for the defendant.