CALEDONIA,<br>*March,*<br>1843.<br><br>Bell<br>*v.*<br>Roberts.

---

## JAMES BELL *v.* CHARLES ROBERTS.

If an officer be required to make a levy upon real estate, and make the levy so defective that no title passes by it, he is liable to an action and to nominal damages, notwithstanding he shows that the debtor had, at the time, no valid title to the land.

THIS was an action on the case for damages arising from a defective levy of the plaintiff's execution against Nathaniel Sinclair upon a piece of land in Hardwick, by P. Bliss, a deputy appointed by the defendant, who was sheriff of Caledonia county. Several defects are set forth in the declaration, only one of which was relied on at the trial, viz: that the sheriff's return did not show that the justice of the peace, who appointed the appraisers, could by law judge between the parties in civil causes. The defendant pleaded the general issue which was closed to jury.

On the trial in the county court, the plaintiff introduced the record of the judgment in his favor against Sinclair and the orignal execution issued thereon, together with the officer's return of his levy, which were read without objection, and here rested his case. The defendant offered in evidence, to defeat the plaintiff's right of recovery, a certified copy of a deed from Nathaniel Sinclair to his son, Stephen

A. Sinclair, dated August 22d, 1833, of the premises levied on, and of certain other real estate lying in Hardwick, and also a copy of a deed from one William Gray to N. Sinclair, dated the 8th day of June, 1833, conveying the premises in question, both of which were objected to by plaintiff, as incompetent evidence for any other purpose than to mitigate damages, which objection was overruled by the court, and said copies of deeds were read to the jury. The plaintiff then introduced testimony tending to prove that his debt existed against said Nathaniel Sinclair prior to the date of said deed from Nathaniel, to Stephen A. Sinclair; that said deed was fraudulent as against the creditors of said Nathaniel; that, at that time, the grantee, Stephen A. Sinclair, resided in Lisbon, N. H. and was not present to take the delivery of the deed, or to assent to it, but that there had been a previous contract that such deed should be made, and that he had ever since resided without this state, and that he had never since been in Hardwick. The plaintiff also introduced evidence tending to show that said conveyance to his son was fraudulent in fact, and made without valid consideration, &c.; that afterwards, when said conveyance was made known to the grantee, no consideration was paid therefor to the grantor, and no credit given, or release or discharge given for any claim or demand, which the said grantee held against the grantor, if he held any. The defendant introduced testimony tending to sustain the validity of the deed from Nathaniel to Stephen A. Sinclair. The plaintiff requested the court to charge the jury, that, if they should find that there was no fraud in fact in the execution of the said deed of N. Sinclair, to S. A. Sinclair, yet the plaintiff would be entitled to recover, at the least, nominal damages; that if they should find that said conveyance was made and placed on record by the grantor, without the knowledge or assent of the grantee, it would be inoperative and void as against creditors, whose debts existed at the time of said conveyance, even though it might be valid as between the parties; that the same effect would follow if they should find that no consideration was directly paid by the grantee to the grantor, and if made on account of indebtedness by the latter to the former, it would also be void, unless they should find that the evidence of such indebtedness was, in whole, or in part, given up, or some re-

lease or discharge of the same, *pro tanto*, was given to show that such indebtedness by consent of the grantee had ceased. The court declined to charge as requested by the plaintiff, but charged the jury, among other things, as follows : " that ' if the deed was not fraudulent or in any other way inopera- ' tive, it would defeat the plaintiff's action ; that if made ' and placed on record without the knowledge of the grantee, ' but in pursuance of a previous contract, and in payment of a ' *bona fide* debt, the consent of the grantee should be pre- ' sumed, and the deed would take effect from the time it was ' put on record, if such was the intention of the grantor, and ' this would be the case even as against other creditors at ' the time ; that if this was done in payment of a *bona fide* ' debt it would not be indispensable to the validity of the deed, ' that such debt should be formally released or given up, or ' discharged, but if that were not done, it would afford ground ' for presuming the deed fraudulent. "

The jury returned a verdict for the defendant and the plaintiff excepted to that part of the charge of the court which is above set forth.

( The arguments of counsel upon points not decided in this court are omitted in reporting the case. )

*C. Davis*, for plaintiff.

Under the instructions which the county court gave, the jury, by their verdict, established the validity of the convey- ance, from Nathaniel to Stephen A. Sinclair. The question now arises whether such finding necessarily defeats the plain- tiff's right to even nominal damages. We insist it does not. That it should operate, as well as the quieting act of 1837, to diminish the damages, is admitted. Nevertheless it was surely the right of the creditor, if he supposed the con- veyance to Stephen A., to be without consideration, and fraudulent as against then existing creditors, he being one of such, to direct the officer levying his execution, to levy it on the land so conveyed, with a view to test the validity of it, and in order to do that, it was essential that he should have a levy regular in point of form. Without that, he could in no way impeach such conveyance. The creditor has a right, then, as between him and the officer, to whom he pays the legal fees for such service, to require that it be done in the

manner required by law. At the time the plaintiff brought this action, he could not, however desirous of trying the title of Stephen A. Sinclair, bring an action of ejectment against him, because the officer had failed to perform the duty he had undertaken, in a proper manner, and the plaintiff would have failed in the action for that reason, without reaching the question at issue between him and Stephen A. Is not this, then, a damage, nominal, and to the amount of the fees paid? The plaintiff resorted to the only remedy open to him, a suit against the officer, who attempts to defend himself for his acknowledged neglect of duty by interposing the merits of another person's controversy with the plaintiff, a person between whom and the officer there was no privity of interest or title whatever. It is not competent for the officer to do this so as to exonerate himself wholly from liability. To show the analogy between this and other cases, when nominal damages have been recovered, we cite the following authorities :—*Prescott* v. *Truman*, 4 Mass. R. 627 ; *Garfield* v. *Williams*, 2 Vt. R. 327 ; *Joy* v. *Hull*, 4 Vt. R. 455 ; *Richardson* v. *Dorr*, 5 Vt. R. 9 ; *Selfridge* v. *Lithgow*, 2 Mass. R. 374 ; 2d. *Cong. Soc. of Bridgwater* v. *Howard*, 16 Pick. R. 206 ; *Deloongue* v. *Norris*, 7 Johns. R. 358 ; *Stanaul* v. *Eldridge*, 16 Johns. R. 374 ; *Weld* v. *Bartlett*, 10 Mass. R. 470 ; *Spear* v. *Hubbard*, 14 Pick. R. 143 ; 14 Johns. R. 376.

*B. N. Davis*, for defendant.

Was the testimony offered by defendant, showing the execution debtor had no interest in the premises levied upon, properly admitted by the county court, to prevent defendant's right of recovery ?

Whatever evidence went to show the plaintiff had sustained no injury, would destroy his action, and ought, therefore, to be received under the general issue of not guilty.

Thus in an action for beating plaintiff's servant, *per quod servitium amisit*, the defendant may give in evidence, that plaintiff did not lose his service ; for that is the injury charged, and denied by the plea of not guilty. 1 Esp. Dig. 653 ; Willes, 45 ; Bull. N. P. 78.

So in an action against the sheriff, for not seizing, upon execution, chattels, which he had attached on the original

process — it was a good defence, that such chattels were the property of strangers, and not of the debtor. *Fuller* v. *Holton*, 4 Mass. R. 498; 3 Vt. R. 49; 10 Mass. R. 470; 8 Johns. R. 185; 15 do. 147.

CALEDONIA, March, 1843.

Armington et al. v. Barnet, Ryegate and Newbury.

The opinion of the court was delivered by

REDFIELD, J.—The court think the plaintiff in this case, at all events, entitled to recover *nominal* damages. If the officer was required, as in the present case, to do an official act, which did not subject him to an action from any one, it was his duty to do the act in a legal manner. And whether it would avail the creditor, was no matter of concern to him. If the creditor saw fit in this manner to try the title of his debtor to real estate, it was his right to have a perfect levy, in the first instance, and, as we decided when this case was in this court before, (13 Vt. R. 582,) that the levy having become perfected by time, did not constitute a full defence to the action, so now the fact that the debtor had no title to the land, at the time of the levy, will have no more effect. It shows that no substantial damage has been sustained, but does not take away the right of action.

Judgment reversed and new trial.