The State, on the Relation, &c., v. Jones and Others.

In debt on the relation of *A.* on a constable's bond, the replication assigned as a breach the recovery of a judgment by the relator for 88 dollars and 90 cents, the issue of a *fi. fa.* thereon, the constable's levy of the execution on the debtor's goods of the value of 150 'dollars, and his failure to sell, &c. The rejoinder stated that after the levy and before the return-day, the debtor executed a delivery-bond with sufficient sureties; that the goods were not delivered; and that the constable returned the delivery-bond and the execution before the return-day. It stated further that, afterwards, another execution issued on the judgment which was levied on the debtor's goods of the value of 200 dollars, by means whereof the judgment was satisfied.

*Held,* that the first part of the rejoinder, which related to the delivery-bond, &c., was a good answer to the replication. *Held,* also, that the rejoinder was not double; the latter part of it, which related to the second execution, being mere surplusage.

An averment in such rejoinder that the delivery-bond was made to the execution-plaintiffs, *A.*, *B.*, and *C.*, by the name of *A.* and *B.*, was held to be unobjectionable.

ERROR to the *Vermillion* Circuit Court.

BLACKFORD, J.—This was an action of debt against *Jones* and others on a bond for 1,000 dollars, commenced in *August*, 1843. The bond, as shown on *oyer*, was conditioned for the due discharge, by *Jones*, of his duties as a constable. Plea, general performance.

Replication assigning the following breach: That on the 10th of *April*, 1841, the relators recovered a judgment against *John W. Rush* and *Daniel Davidson*, for the sum of 88 dollars and 90 cents, before a certain justice of the peace; that a *fieri facias* was issued on the judgment directed to *Jones*, constable, &c., who received the same, and levied it on a carriage and harness, and on a mare, of the value of 150 dollars, as the property of said *Rush;* that *Jones* advertised that the property would be sold on the 18th of *October*, 1841, at, &c.; but that he failed and refused to sell the property, &c., by means whereof the relators lost their debt, &c.

Rejoinder, that after said levy of the execution, and before the return-day, *Rush* executed a bond with sufficient sureties, conditioned for the delivery of the property at, &c., on, &c., to the constable; that the property was not delivered, &c.; and that the constable returned the delivery-bond and the execution, on the return-day, to the justice; wherefore

the constable could not sell the property. And the defendants say that, afterwards, to wit, on the 18th of *December*, 1841, the relators sued out another *fieri facias* on the judgment against *Rush* and *Davidson*, which was delivered to *Jones* to be executed; that before the return-day of the last-named execution, *Jones* levied the same on the goods of *Rush*, viz., on one boat 85 feet long partly laden with corn, and on corn in cribs, of the value of 200 dollars, by means whereof the judgment was satisfied.

The rejoinder was demurred to for duplicity in this, that it sets up, 1. A delivery-bond, &c.; and 2. A satisfaction of the judgment. The demurrer was overruled, and judgment rendered for the defendants.

The alleged breach was the constable's failure to sell the goods on the 18th of *October*, 1841, the day they were advertised for sale. The first part of the rejoinder to this breach, to wit, that a delivery-bond was given, that the property was not delivered, and that the bond and execution were duly returned, is a sufficient answer to the breach. But we think that the remaining part of the rejoinder is mere surplusage. It alleges that subsequently to the breach, the judgment was satisfied out of the goods of the judgment-debtor. But that is no answer to the cause of action against the constable, which had previously accrued. If the constable failed to sell the goods as alleged in the declaration, without excuse, such failure was a breach of his duty, which the law will presume occasioned a damage to the plaintiff. A subsequent satisfaction of the judgment by the debtor, may prevent the plaintiff from recovering more than nominal damages from the constable for the assigned breach; but that circumstance cannot affect the right of action. The rejoinder, therefore, contains only one valid answer to the breach, and is not liable to the objection for duplicity.

An objection is made to the delivery-bond as described in the rejoinder, on the ground that it is not payable to the execution-plaintiffs. The execution-plaintiffs are *Zenor*, *Hopkins*, and *Hopkins*. The bond is alleged to be made to those plaintiffs by the name of *Zenor* and *Hopkins*. The objection is not tenable.

*Per Curiam.*—The judgment is affirmed with costs.

*W. P. Bryant*, for the plaintiff.

*A. Kinney* and *S. B. Gookins*, for the defendants.