THE STATE on the Relation of BLACHLEY and Others *v.* YOUMANS.

In a suit against an officer, on his official bond, for his neglect to return, and for falsely returning, a writ of *venditioni exponas,* the plea that the property mentioned in said writ never came to his hands, is bad.

ERROR to the *Parke* Circuit Court.

PERKINS, J.—Debt on the official bond of the sheriff of *Parke* county, against him and his sureties.

Two breaches of the condition of the bond are assigned in the declaration:   1. The failure of the sheriff to return a writ of execution called a "*venditioni exponas;*" 2. The falsely returning said writ, that the property named in it remained unsold for want of bidders.

The sixth plea of the defendants, going to both these breaches, was the following:

"The said defendants say *actio non*, because they say, that the said *Jesse R. Youmans*, heretofore, to-wit, at the general *August* election, held in and for said county of *Parke*, on the first *Monday* in *August*, 1843, was elected sheriff of said county, and afterwards, to-wit, on the 9th day of *October*, 1843, was duly qualified as such sheriff, and took upon himself the duties of said office ; and that, although the said *venditioni exponas*, afterwards, to-wit, on the day and year last aforesaid, came to the hands of the said *Jesse* to be executed, yet the said defendants in fact say, that no part of the said property ever did come to the hands of the said *Jesse*, successor as aforesaid, nor was the same, or any part thereof, ever delivered to said

*Jesse* by his predecessor in office, or by any other person or persons, and of this," &c.

To this plea the plaintiff demurred; the Court over-ruled the demurrer, and rendered final judgment for the defendants.

The Court erred in this decision. The plea was bad, and the demurrer to it should have been sustained. It was no answer to the breaches to which it was pleaded. Suppose the sheriff not to have received the property described in the writ, that neither excused him from returning the writ, nor justified him in making a false return. The non-performance of the former, and the performance of the latter, act, subjected him and his sureties to an action, and to nominal damages, at least, though no real damages resulted from the illegal acts of the officer. Such is, certainly, the general doctrine of the books. *State* v. *Jones*, 8 Blackf. 270; *Mickles* v. *Hart*, 1 Denio 548; *Runbelt* v. *Bell*, 5 N. H. 433; *Webster* v. *Quimby*, 8 id. 382; *Laflin* v. *Willard*, 16 Pick. 64; *Goodenow* v. *Willard*, 5 Met. 517; *Baker* v. *Green*, 2 Bing. 317; *Bell* v. *Roberts*, 15 Vt. 741; *Stevens* v. *Beckes*, 3 Blackf. 88; *State* v. *Spencer*, 4 id. 310; *Derby Bank* v. *Landon*, 2 Conn. 417; 2 Greenleaf's Ev. sec. 984. *Bradley* v. *Wyndham*, 1 Wils. 44, is supposed by counsel to sanction a different principle, but it does not. That was an action on the case against the sheriff for a false return; plea, not guilty. The plaintiff, under that issue, to make out his case, was bound to show that a valid execution came to the hands of the defendant. The jury found the one proved to have come to his hands, fraudulent and void. The plaintiff, therefore, failed to establish a cause of action, and hence, rightly, recovered no damages. *Cady* v. *Huntington*, 1 N. H. 138; *Plank* v. *Anderson*, 5 T. R. 37; and *Williams* v. *Mostyn*, 4 M. and W. 145, establish, as an exception to the foregoing general rule, an escape suffered on mesne process, where the defendant is re-taken in time to prevent any delay to the plaintiff, in the prosecution of his suit. Perhaps, if the general rule is well founded, this exception is reasonable; but we shall not here con-

May Term, 1848.

sider of the reasonableness of the rule or the exception, as we do not place this case upon the general principle found in the authorities cited. Our statute expressly enacts that, "If any officer shall neglect or refuse to return any writ of execution to the Court to which the same is returnable, on or before the return day thereof, he shall be amerced to the amount, with interest and costs due on such execution." R. S. p. 757, s. 462. This law was in force before the return day of the *venditioni exponas* in question. One of the breaches to which the plea in question was pleaded, was, as we have seen, a failure to return an execution; and consequently, the sheriff and his sureties were liable, under the statute, at all events, notwithstanding the facts alleged in the plea.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. P. Bryant, A. L. Roache,* and *J. A. Wright,* for the plaintiffs.

*R. W. Thompson,* for the defendants.